IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NELSON A. PEREZ,**

    **Petitioner,**

    v.                                     Case No. 2:04-cv-980
                                             JUDGE FROST
**JEFFREY WOLFE, Warden,**              **Magistrate Judge KEMP**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **DENIED** and that further proceedings in this case be **STAYED** so that petitioner may exhaust state court remedies as to his allegations in claim two.

## I.  PROCEDURAL HISTORY

Petitioner was indicted by the October 31, 2002, term of the Licking County grand jury on four counts of burglary, in violation of O.R.C. §2911.12(A)(3), with firearm specifications. Exhibit A to Return of Writ. On April 4, 2003, while represented by counsel, petitioner pleaded guilty to the charges. Exhibit B to Return of Writ. He was sentenced to an aggregate term of five years incarceration. Exhibit C to Return of Writ. Petitioner did not file a timely appeal of his convictions; however, on January 6, 2004, he filed a *pro se* motion for delayed appeal. Exhibit D to Return of Writ. As cause for his untimely filing, petitioner asserted that he had not been advised of his right to appeal, or the right to the appointment of counsel on appeal. *Id.* On February 27, 2004, the state

appellate court denied petitioner's motion for delayed appeal for failure to establish sufficient cause for the untimely filing. Exhibit E to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court.[1] Exhibit G to Return of Writ. On July 14, 2004, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. Exhibit H to Return of Writ.

On October 8, 2003, petitioner filed a *pro se* motion to withdraw his guilty plea and petition for post conviction relief with the trial court.[2] Exhibit I to Return of Writ. On November 25, 2003, the trial court denied petitioner's motion. Exhibit K to Return of Writ. Petitioner filed a timely appeal of the trial court's decision to the Fifth District Court of Appeals. He asserted the following claims:

> 1. The trial court abused its discretion in failing to specify in judgment with particularity facts, findings, and conclusions of law warranting dismissal of defendant's Criminal Rule 32.1 and R.C. 2953.21 motion for relief.
>
> 2. Defendant-appellant was deprived of effective assistance of counsel when defense counsel failed to perform as that of an attorney with ordinary training and skill in criminal law.

Exhibit L to Return of Writ. On July 6, 2004, the appellate court affirmed the judgment of the trial court. Exhibit O to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court. He asserted the following propositions of law:

> 1. Whether a criminal defendant is entitled to findings of facts and

---

[1] In his appeal to the Ohio Supreme Court, petitioner argued that he had requested his attorney to file a notice of appeal, but his attorney failed to do so. Exhibit G at 4. Petitioner also argued that the trial court failed to advise him of his appellate rights. *Id.*

[2] None of the claims presented by petitioner in his motion to withdraw guilty plea and petition for post conviction relief are presented for federal habeas corpus review.

> conclusions of law in the dismissal of a petition to vacate under R.C. 2953.21 and a motion to withdraw under 32.1 and entitled to have the trial court follow state law.
>
> 2. Whether the Ohio Constitution and the Equal Protection and Due Process Clauses of the U.S. Constitution are violated when a pro se litigant is constructively denied access to the courts, when his appeal as of right is dismissed due to an alleged minor technicality.
>
> 3. Whether or not a criminal defendant is entitled to the effective assistance of counsel at trial under the 6th Amendment to the U.S. Constitution.

Exhibit Q to Return of Writ. Petitioner's appeal was still pending at the time the Return of Writ was filed, and the record before this Court does not indicate the current status of petitioner's appeal.

On August 18, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was denied due process and equal protection of law in violation of the U.S.C.A. Const. Amend. 14 and 5.
>
> Respondent denied petitioner leave to file a delayed appeal pursuant to Ohio Rules of Appellate Procedure, Rule 5(A).
>
> 2. Petitioner was denied due process and equal protection of the law in violation of U.S.C.A. const. Amend. 14, 5, and 6.
>
> Respondent and trial attorney failed to inform petitioner of his appellate rights by failing to inform him that he had a right to appointed counsel on his appeal of right, and counsel failed to inform him that appealable issues were present in his case.

It is the position of the respondent that petitioner's claims are procedurally defaulted and, in any event, without merit.

## II. CLAIM ONE

3

In claim one, petitioner asserts that he was denied due process because the state courts refused to grant his motion for delayed appeal. This claim fails to present an issue appropriate for federal habeas corpus review. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner's allegation in claim one addresses a collateral matter that is unrelated to his detention. *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986). This claim is therefore inappropriate for federal habeas corpus review.

### III. CLAIM TWO

In claim two, petitioner asserts that he was denied due process because neither the trial court, nor his attorney advised him of his right to appeal, or his right to appointed counsel on appeal, thereby depriving him of appeal. Petitioner also asserts that he was denied the effective assistance of counsel because his attorney failed to advise him that there were any appealable issues in his case. It is the position of the respondent that these allegations are waived due to petitioner's failure to file a timely appeal. This Court does not agree.

Petitioner's allegation that his attorney failed to advise him regarding his right to appeal or regarding appealable issues in his case relies on matters not readily apparent from the face of the record, and therefore would properly be raised in a petition for post conviction relief pursuant to O.R.C. §2953.21. Although the time period for filing such action has now expired, petitioner still may seek a delayed post conviction action pursuant to O.R.C. §2953.23.[3] Thus, the Court concludes

---

[3] O.R.C. §2953.23 provides in relevant part:

> [A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following

that this action is unexhausted.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court

---

apply:

(1) Either of the following applies:

(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.

(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

5

remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

That said, the time period during which a federal habeas petition is pending does not toll the running of the statute of limitations under 28 U.S.C. §2244(d)(2). *Duncan v. Walker*, 121 S.Ct. 2120, 2124 (2001). Although it does not now appear that the statute of limitations has yet expired, should this Court dismiss the petition in its entirety rather than stay proceedings while petitioner pursues additional state court action in this case, the one-year statute of limitations may bar any future habeas corpus filing.

In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the United States Court of Appeals for the Sixth Circuit held that, where the statute of limitations will bar the re-filing of a timely filed habeas corpus petition,

> [a] district court should dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted his/her remedies in state court. [*Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001)]. To allay the concern that a petitioner might take an undue amount of time to pursue state court remedies... a brief, reasonable time limit [should be imposed] upon the petitioner to present claims to state courts and return to federal court exhaustion, "normally 30 days" after a stay is entered for the former, and "30 days" after state court exhaustion is completed for the latter. *Id.* at 381.

*Id.*

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **DENIED** and that further proceedings in this case be **STAYED** so that petitioner may exhaust state court remedies as to his allegations in claim two by filing a delayed post conviction petition pursuant to O.R.C. §2953.23. Additionally, petitioner must file a timely appeal of any adverse decision in the state trial court to the state appellate and Ohio Supreme Court.

6

The Magistrate Judge **RECOMMENDS** that petitioner be ordered to notify the Court within thirty days of the completion of state court proceedings and advise the Court every thirty days of the status of state court proceedings. The Magistrate Judge **RECOMMENDS** that petitioner be advised that failure to comply with the foregoing may result in dismissal of this action.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

```
                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge
```