**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**NELSON A. PEREZ,**

        **Petitioner,**

    **v.**                         **Case No. 2:04-cv-980
JUDGE FROST**

**JEFFREY WOLFE, Warden,**          **MAGISTRATE JUDGE KEMP**

        **Respondent.**

                                **CASE NO. 2:05-cv-00071
JUDGE FROST
MAGISTRATE JUDGE KEMP**

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner, brings this consolidated action for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  On August 17, 2005, final judgment was entered dismissing claims one and two; petitioner was granted an extension of time to file a traverse regarding his remaining claims three through five.  On September 7, 2005, petitioner filed his traverse.  This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### I.  PROCEDURAL HISTORY

The procedural history of this case, detailed in the Magistrate Judge's *Report and Recommendation* of June 9, 2005 (Doc. No. 13), will not be repeated here.  Briefly, however, this action involves petitioner's April 4, 2003, guilty plea in the Licking County Court of Common Pleas to four counts of burglary with firearm specifications.  Petitioner was sentenced to an aggregate term

of five years incarceration.  Petitioner never filed a timely appeal.  His January 6, 2004, motion for delayed appeal was denied by the state appellate court for failure to establish sufficient cause for the untimely filing.  The Ohio Supreme Court dismissed petitioner's appeal as not involving any substantial constitutional question.  On October 8, 2003, petitioner filed with the state trial court a motion to withdraw his guilty plea and a post conviction petition.  In such action, he asserted the ineffective assistance of counsel due to his attorney's failure to file a motion to suppress statements to police as involuntarily made, and due to his attorney's allegedly erroneous advice that petitioner would be sentenced to one year incarceration if he pleaded guilty.  Additionally, petitioner asserted that his statement to police was coerced with promises of immunity, and threats.  Exhibit I to Return of Writ.  On November 25, 2003, the trial court denied petitioner's motion.  Petitioner attempted to file a timely appeal of the trial court's decision; however, on July 6, 2004, the state appellate court dismissed petitioner's appeal without considering the merits of his claims because the appeal had been improperly filed.  *See* Exhibit O to Return of Writ.  On December 1, 2004, the Ohio Supreme Court dismissed petitioner's subsequent appeal.  *State v. Perez*, 104 Ohio St.3d 1408 (2004).

On April 18, 2004, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  On January 21, 2005, petitioner filed a second habeas corpus petition, construed as an amendment to petitioner's initial petition, raising several additional claims.  On August 17, 2005, final judgment was entered dismissing claims one and two.  The following claims remain for this Court's consideration:

> 3.  Petitioner was denied due process and equal protection of the law in violation of U.S.C.A. Const. Amend. 14 and 5.
>
> Respondent failed to file findings of fact and conclusions of law and denied petitioner due process of law by failing to follow state law procedure.

2

4.  Petitioner was denied equal protection and due process of law in violation of the Fourteenth Amendment.

Petitioner was denied access to the court when his appeal was dismissed on a technicality.

5.  Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment to the U.S. Const.

Appointed counsel failed to file a motion to suppress statements made in violation of *Miranda v. Arizona*.

It is the position of the respondent that claims three and four are not appropriate for federal habeas corpus review, and that claim five is barred by virtue of petitioner's guilty plea and is also procedurally defaulted.

## II.  CLAIMS THREE AND FOUR

In claim three, petitioner asserts that he was denied due process and equal protection because the trial court improperly failed to issue findings of fact and conclusions of law in its dismissal of petitioner's motion to withdraw his guilty plea and post conviction petition.  In claim four, petitioner asserts that he unconstitutionally was denied access to the courts because the state appellate court dismissed the appeal of his motion to withdraw guilty plea and post conviction petition without addressing the merits of his claims.  Both of these claims involve petitioner's October 8, 2003, motion to withdraw guilty plea and his post conviction petition.  Although a post sentence motion to withdraw guilty plea pursuant to Ohio Criminal Rule of Procedure 32.1, and a petition for post conviction relief pursuant to O.R.C. §2953.21 are distinct remedies under Ohio law,[1] *see State v.*

---

[1]  Ohio Rule of Criminal Procedure 32.1 provides:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or

her plea.

O.R.C. §2953.21 provides:

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, and for whom DNA testing that was performed under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code provided results that establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death, may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

(b) As used in division (A)(1)(a) of this section, "actual innocence" means that, had the results of the DNA testing conducted under sections 2953.71 to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code been presented at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted, or, if the person was sentenced to death, no reasonable factfinder would have found the petitioner guilty of the aggravating circumstance or circumstances the petitioner was found guilty of committing and that is or are the basis of that sentence of death.

(2) Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

(3) In a petition filed under division (A) of this section, a person who has been sentenced to death may ask the court to render void or voidable the judgment with

4

respect to the conviction of aggravated murder or the specification of an aggravating circumstance or the sentence of death.

(4) A petitioner shall state in the original or amended petition filed under division (A) of this section all grounds for relief claimed by the petitioner. Except as provided in section 2953.23 of the Revised Code, any ground for relief that is not so stated in the petition is waived.

(5) If the petitioner in a petition filed under division (A) of this section was convicted of or pleaded guilty to a felony, the petition may include a claim that the petitioner was denied the equal protection of the laws in violation of the Ohio Constitution or the United States Constitution because the sentence imposed upon the petitioner for the felony was part of a consistent pattern of disparity in sentencing by the judge who imposed the sentence, with regard to the petitioner's race, gender, ethnic background, or religion. If the supreme court adopts a rule requiring a court of common pleas to maintain information with regard to an offender's race, gender, ethnic background, or religion, the supporting evidence for the petition shall include, but shall not be limited to, a copy of that type of information relative to the petitioner's sentence and copies of that type of information relative to sentences that the same judge imposed upon other persons.

(B) The clerk of the court in which the petition is filed shall docket the petition and bring it promptly to the attention of the court. The clerk of the court in which the petition is filed immediately shall forward a copy of the petition to the prosecuting attorney of that county.

(C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

(D) Within ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are

5

raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record.

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court.

(F) At any time before the answer or motion is filed, the petitioner may amend the petition with or without leave or prejudice to the proceedings. The petitioner may amend the petition with leave of court at any time thereafter.

(G) If the court does not find grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter judgment denying relief on the petition. If no direct appeal of the case is pending and the court finds grounds for relief or if a pending direct appeal of the case has been remanded to the court pursuant to a request made pursuant to division (E) of this section and the court finds grounds for granting relief, it shall make and file findings of fact and conclusions of law and shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a petitioner who is a prisoner in custody, shall discharge or resentence the petitioner or grant a new trial as the court determines appropriate. The court also may make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody, and bail. If the trial court's order granting the petition is reversed on appeal and if the direct appeal of the case has been remanded from an appellate court pursuant to a request under division (E) of this section, the appellate court reversing the order granting the petition shall notify the appellate court in which the direct appeal of the case was pending at the time of the remand of the reversal and remand of the trial court's order. Upon the reversal and remand of the trial court's order granting the petition, regardless of whether notice is sent or received, the direct appeal of the case that was remanded is reinstated.

(H) Upon the filing of a petition pursuant to division (A) of this section by a person sentenced to death, only the supreme court may stay execution of the sentence of death.

(I)(1) If a person sentenced to death intends to file a petition under this section, the court shall appoint counsel to represent the person upon a finding that the person is indigent and that the person either accepts the appointment of counsel or is unable to make a competent decision whether to accept or reject the

*Bush,* 96 Ohio St.3d 235 (2002), petitioner filed one action under both such remedies.   The trial

court denied petitioner's motion as follows:

> This matter was scheduled for non-oral hearing on the Defendants
> Motion to Withdraw Guilty Plea and Post Conviction Petition.

---

appointment of counsel. The court may decline to appoint counsel for the person
only upon a finding, after a hearing if necessary, that the person rejects the
appointment of counsel and understands the legal consequences of that decision
or upon a finding that the person is not indigent.

(2) The court shall not appoint as counsel under division (I)(1) of this section an
attorney who represented the petitioner at trial in the case to which the petition
relates unless the person and the attorney expressly request the appointment. The
court shall appoint as counsel under division (I)(1) of this section only an attorney
who is certified under Rule 20 of the Rules of Superintendence for the Courts of
Ohio to represent indigent defendants charged with or convicted of an offense for
which the death penalty can be or has been imposed. The ineffectiveness or
incompetence of counsel during proceedings under this section does not constitute
grounds for relief in a proceeding under this section, in an appeal of any action
under this section, or in an application to reopen a direct appeal.

(3) Division (I) of this section does not preclude attorneys who represent the state
of Ohio from invoking the provisions of 28 U.S.C. 154 with respect to capital
cases that were pending in federal habeas corpus proceedings prior to the
effective date of this amendment insofar as the petitioners in those cases were
represented in proceedings under this section by one or more counsel appointed
by the court under this section or section 120.06, 120.16, 120.26, or 120.33 of the
Revised Code and those appointed counsel meet the requirements of division
(I)(2) of this section.

(J) Subject to the appeal of a sentence for a felony that is authorized by section
2953.08 of the Revised Code, the remedy set forth in this section is the exclusive
remedy by which a person may bring a collateral challenge to the validity of a
conviction or sentence in a criminal case or to the validity of an adjudication of a
child as a delinquent child for the commission of an act that would be a criminal
offense if committed by an adult or the validity of a related order of disposition.

On April 4, 2003, the Defendant entered a plea of guilty to all counts, including two firearm specifications.  The Defendant personally told the court, under oath, he was "very satisfied" with his attorney, that his attorney explained all defenses to him, that he understood the penalties, including the mandatory firearm specifications, that no promises or threats were made, and there were no plea negotiations of any kind.

Therefore, the Court denies the defendant's motion to withdraw his previously entered guilty pleas and finds that an evidentiary hearing is not necessary for the reason the claims of the Defendant are contradicted by the record.

Exhibit K to Return of Writ.

The state appellate court dismissed petitioner's subsequent appeal without considering the merits of petitioner's claims because petitioner improperly indicated in his notice of appeal that the appeal concerned his April 4, 2003, guilty plea, and not the trial court's November 25, 2003, judgment entry denying his motion to withdraw guilty plea and post conviction petition:

On October 29, 2003, Appellant filed a Motion to Withdraw guilty plea and Petition for Post Conviction Relief.

A non-oral hearing was scheduled for November 24, 2003, on Appellant's motions.

On November 25, 2003, the trial court denied Appellant's Motion to Withdraw his guilty plea and further found that an evidentiary hearing was not necessary for the reason that Appellant's claims were contradicted by the record.

On December 5, 2003, Appellant filed a Notice of Appeal of his April 4, 2003, Judgment Entry of conviction and sentence.

On January 6, 2003, Appellant filed another Notice of Appeal and Docketing Statement again stating that he was appealing the April 4, 2003 judgment.
***

In his first assignment of error, Appellant argues that the trial court erred when it failed to issue specific findings of fact and conclusions

8

of law when it denied his motion to withdraw guilty plea.  In his second assignment of error, Appellant argues ineffective assistance of trial counsel.

Appellate Rule 3(D) provides in pertinent part, that "[t]he notice of appeal... shall designate the judgment, order or part thereof appealed from...."  We agree with the Eighth District Court of Appeals which has held that "App.R.3 must be construed in light of the purpose of a notice of appeal which is to notify appellees of the appeal and advise them of 'just what appellants... [are] undertaking to appeal from.'" *Parks v. Baltimore and Ohio RR* (1991), 77 Ohio App.3d 426, 428, 602 N.E.2d 674 (citing *Maritime Manufacturers, Inc. v. Hi-Skipper Marina* (1982), 70 Ohio St.2d 257, 258-259, 436 N.E.2d 1034.  An appellate court need not review the merits of a judgment or order unless it is designated or otherwise referenced in the notice of appeal.  *Schloss v. McGinness* (1984), 18 Ohio App.3d 96, 97-98, 474 N.E.2d 666.

Appellant never filed a Notice of Appeal from the trial court's November 25, 2003 Judgment Entry denying Appellant's motion to withdraw guilty plea.  Appellant, in both his December 5, 2003, and January 4, 2004, Notice of Appeal only appealed from the trial court's April 4, 2003, Judgment Entry.

Accordingly, this Court has no jurisdiction to review the trial court's judgment of November 25, 2003, denying Appellant's motion to withdraw guilty plea.

Furthermore, the record reveals appellant filed his notice of appeal of the April 4, 2003, Judgment Entry well outside the thirty-day deadline set forth in App.R. 4(A).  This time requirement is jurisdictional in nature....

Exhibit O to Return of Writ (citations omitted).

Petitioner's allegation in claim three that the state trial court improperly failed to comply with Ohio law requiring issuance of findings of fact and conclusions of law fails to present a claim appropriate for federal habeas corpus review.[2]  A federal court may review a state prisoner's habeas

---

[2]  Ohio does not require the issuance of findings of fact and conclusions of law in the dismissal of a motion to withdraw guilty plea pursuant to Ohio Criminal Rule of Procedure 32.1.

petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. §2254(a).  A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984): *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).  A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).  "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).  Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  Such are not the circumstances here.

Petitioner's allegation in claim four that he was denied an appeal or denied access to the courts because the state appellate court refused to address the merits of his improperly filed appeal from the trial court's decision denying his motion to withdraw guilty plea and post conviction action similarly fails to present any issue appropriate for federal habeas corpus relief.

> [T]he Supreme Court has held that states have no constitutional obligation to provide post-conviction remedies. *See Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) (there is no constitutional right to counsel when mounting collateral attacks upon convictions in state court).

*Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001).  Further, "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner's allegations in claim four, regarding alleged errors or deficiencies in state post conviction

---

*State v. Smith*, 49 Ohio St.2d 261 (1977).

proceedings, addresses a collateral matter unrelated to his detention. *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986). Petitioner does not allege, and the record does not reflect, that he was denied his right to direct appeal. Rather, petitioner's claim involves the state appellate court's refusal to consider the merits of an appeal of a petition for post conviction relief on state procedural grounds. This claim is not appropriate for this Court's consideration h ere. "[E]rror committed during state post-conviction proceedings can not provide a basis for federal habeas relief." *Alley v. Bell*, 307 F.3d 380, 386-87 (6th Cir. 2002), citing *Kirby v. Dutton, supra*.

Claims three and four, therefore, are without merit.

### III. CLAIM FIVE

In claim five, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress his statements.[3] Respondent contends that this claim is procedurally defaulted, because petitioner never properly filed an appeal of the trial court's decision denying his motion to withdraw guilty plea to the state appellate court. As previously discussed, on July 6, 2004, the state appellate court dismissed petitioner's attempted appeal of his motion to withdraw guilty plea because petitioner improperly indicated in his notice of appeal that he was appealing his April 4, 2003, guilty plea, rather than the trial court's November 25, 2003, decision dismissing his motion to withdraw guilty plea. However, construing petitioner's pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), petitioner also raised his allegations in claim five in his January 6, 2004, motion for delayed appeal pursuant to Ohio Appellate Rule

---

[3] To the extent that petitioner raises any additional allegations of ineffective assistance of counsel in his traverse, such claims were not presented in his initial, or amended petition. This Court will not now permit petitioner again to amend his petition via the traverse.

5(A).[4] *See* Exhibits D and E to Return of Writ.  Although the state appellate court denied petitioner's motion for failure "to present sufficient cause for his failure to file a timely notice of appeal..." (Exhibit E to Return of Writ), the United States Court of Appeals for the Sixth Circuit has held that the

> state court's refusal to allow ... a delayed appeal under Rule 5(A) does not constitute an "adequate" ground to bar habeas review. *See Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986) (holding that a procedural forfeiture must be based on an "adequate and independent" ground on which the state can rely to foreclose review of a federal constitutional claim).... Rule 5(A) does not specify the criteria the courts should use in determining whether to grant a delayed appeal. Instead, it simply requires that the defendant set forth

---

[4] Ohio Appellate Rule 5(A) provides:

(A) Motion by defendant for delayed appeal.

(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

(a) Criminal proceedings;

(b) Delinquency proceedings; and

(c) Serious youthful offender proceedings.

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

the reasons for the failure to perfect an appeal of right.

The decision to grant or deny a motion for leave to appeal pursuant to rule 5(A) is therefore solely within the discretion of the appellate court. *State v. Fisher*, 35 Ohio St.3d 22, 517 N.E.2d 911, 914 (1988). A rule that grants such discretion to the courts is not "firmly established and regularly followed" so as to be adequate within the meaning of *Maupin*.

*Deitz v. Money*, 391 F.3d 804, 810-811 (6th Cir. 2004). Thus, it appears that petitioner's claim of ineffective assistance of counsel was properly preserved for federal habeas corpus review.

Respondent also contends, however, that claim five is barred by virtue of petitioner's guilty plea. Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973).

A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 267. "[A] guilty plea is an admission of all the elements of a formal criminal charge." *McCarthy v. United States,* 394 U.S. 459, 466 (1969). A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy*, 394 U.S. at 466.

However, a prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel.

13

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6ᵗʰ Cir. 1988).  In

order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of

counsel ineffectiveness must first show that counsel's advice was not within the range of

competence demanded of attorneys in criminal cases.  *Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on
> whether counsel's constitutionally ineffective performance affected
> the outcome of the plea process.  In other words, in order to satisfy
> the "prejudice" requirement, the defendant must show that there is a
> reasonable probability that, but for counsel's errors, he would not
> have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884.  Where petitioner alleges that his attorney improperly

failed to file a motion to suppress evidence prior to the guilty plea,  he

> must show that a suppression motion had merit, and that if the motion
> had been granted, he would not have pled guilty and would have
> insisted on his right to stand trial. *Hill v. Lockhart*, 474 U.S. 52, 60
> (1985).

*Brooks v. Edwards,* 96 F.3d 1448, unpublished, 1996 WL 506505 (6ᵗʰ Cir. June 5, 1996); *see also*

*United States v. Hanley*, 906 F.2d 1116, 1121 (6ᵗʰ Cir. 1990)(no ineffective assistance of counsel

where motion to suppress would likely have been futile); *Maness v. United States*, 234 F.3d 1269,

unpublished, 2000 WL 1562792 (6ᵗʰ Cir. October 10, 2000)(same).  Petitioner cannot meet this

standard here.

　　　　Petitioner alleges that his statement to police was coerced because police improperly

promised him probation if he cooperated, threatened to arrest him if he did not cooperate, and

threatened to have his girlfriend's children removed by children's services.  *See Traverse*.  Petitioner

also alleges that police improperly failed to advise him of his rights under *Miranda v. Arizona*, 384

U.S. 384 U.S. 436 (1966).

14

The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself."  The privilege against self-incrimination prohibits the government from using any statement against a criminal defendant "stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona, supra*, 384 U.S. at 444.  "[B]y custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.*  A person being questioned in a custodial interrogation must be warned "that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to the presence of an attorney, either retained or appointed." *Id.*  In determining whether a criminal defendant is "in custody" such that *Miranda* warnings are required

> Two discrete inquiries are essential...  first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave....

*Thompson v. Keohane*, 516 U.S. 99, 112 (1995)(footnote omitted).

Additionally, in order for a confession to be admissible, it "'must be free and voluntary; that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.'" *Bram v. United States*, 168 U.S. 532, 542-43 (1897).  A confession is involuntary where

> the police "extorted [the confession] from the accused by means of coercive activity."  ... Once it is established that the police activity was objectively coercive, it is necessary to examine petitioner's subjective state of mind to determine whether the "coercion" in question was sufficient to overbear the will of the accused.... Finally, petitioner must prove that his will was overborne because of the coercive police activity in question.  If the police misconduct at issue

> was not the "crucial motivating factor" behind petitioner's decision
> to confess, the confession may not be suppressed....

*McCall v. Dutton*, 863 F.3d 454, 459 (6th Cir. 1988)(citations omitted.) "[P]romises of leniency

may be coercive if they are broken or illusory." *United States v. Johnson*, 351 F.3d 254, 262 (6th

Cir. 2003). Further, "threats to arrest members of a suspect's family may cause a confession to be

involuntary." *Id.*, citing *United States v. Finch*, 998 F.2d 349, 355-56 (6th Cir. 1993)(internal

citation omitted).

The record in this case reflects that petitioner's statement to police was tape recorded. *See

Exhibit A3 to Traverse*. Although some discussion with police apparently occurred prior to initiation

of the tape recording, the transcript of petitioner's taped statement to police indicates in relevant

part:

> This is Detective Brown. It is June 7, 2002, at 11:53 a.m. I am here
> with Nelson Phillips. Nelson come in today, [sic] to the Sheriff's
> Office, Licking County Sheriff's Office. Ah, he is in my office for
> an interview in reference to some break-ins that we had in our
> county. Ah, Phillip, did you come in voluntarily?
>
> [Petitioner]: Yeah.
>
> Um, has anybody promised you anything today? Ah, give you any
> threats today?
>
> No.
>
> ***
>
> ... Is there anything that you would like to add... before we stop the
> tape?
>
> Ah, no. I'm just willing to cooperate with you in any way I can do
> to cooperate and to cut the time down, you know, to make a deal or
> whatever.
>
> Okay. We'll end this statement.

*Id.*  Thus, it does not appear that petitioner's statement was obtained in violation of *Miranda v. Arizona, supra*.  Further, a motion to suppress statements based on petitioner's unsupported allegation that he was threatened or promised leniency, in view of his taped statements to the contrary, would have been unlikely to succeed.  The Court notes that it does not appear from the record that the prosecution would have been unable to prove the charges.  Petitioner signed a written guilty plea in which he indicated he understood the charges against him and his possible defenses, that he was satisfied with his attorney, and that  no threats, or promises had been made. Exhibit B to Return of Writ.  At the time of his guilty plea, petitioner stated that he had read the written guilty plea forms and discussed them with counsel.  *Transcript,* Exhibit T to Return of Writ.  He was thoroughly advised by the trial court regarding all of the rights that he was waiving.  He indicated that he understood, and that he had no questions.  *Id.*  He was explicitly advised regarding the sentence that he faced, and again indicated that he understood.  He stated that he agreed with the statement of facts that was read by the prosecutor.  *Id*.

> Q.  Have you discussed these facts fully and completely with your attorney?
>
> A.  Yes.
>
> Q.  And has she explained to you all possible defenses that might be available to you?
>
> A.  Yes, she has.
>
> Q.   And are you satisfied with the service, counsel, advice and representation of your attorney?
>
> A.  Very satisfied.
>
> Q.  You understand that no one can force you or make you change your pleas?

***

A.  Yes, I understand.

Q.  Are you changing your pleas freely and voluntarily?

A.  Yes.

Q.  Knowing what the penalties are?

A.  Yes, I am.

Q.  Knowing what your rights are?

A.  Yes.

Q.  Has your attorney explained the penalties to you?

A.  Yes, she has.

Q.  You understand the firearm specifications are mandatory sentences and must be served consecutively and prior to the other sentences?

A.  Yes, I understand.

Q. Each of those are consecutive with each other.  In other words, there's a two-year minimum mandatory sentence.

A.  Yes, I understand.

***

Q.  Have there been any promises made to you in order to get you to change your pleas today?

A.  No, there has not.

Q.  Any threats of any kind?

A.  No.

*Id.*  Although petitioner now states that he lied at the time of his plea hearing regarding threats and

18

promises that were made, *Traverse*, at 2, such allegations are simply incredible in view of the record before this Court.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The written guilty plea reflects that petitioner faced a ten year sentence on counts three and four, and a twelve year sentence on counts one and two. Thus, it appears that petitioner substantially reduced his sentence exposure by pleading guilty. He was ultimately sentenced to an aggregate term of five years.

In view of all of the foregoing, this Court concludes that petitioner has failed to establish either that his attorney's performance was constitutionally inadequate for failing to file a motion to suppress statements, or that, but for counsel's failure to file a motion to suppress evidence, petitioner would not have pleaded guilty and would have insisted on going to trial. *See United States v. Carasis*, 863 F.2d 615, 617 (8th Cir. 1988), citing *Hill v. Lockhart, supra*, 474 U.S. at 59.

Claim five is without merit.

## IV.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the

objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                   /s/ Terence P. Kemp
                                   United States Magistrate Judge